**In re Billy Ray WHITE and Sonja Sue White, Debtors.**

**RED OAK BRANCH OF FARMERS STATE BANK OF QUINTON, Plaintiff,**

v.

**Billy Ray WHITE and Sonja Sue White, Defendants.**

**Bankruptcy No. 93–70677. Adv. No. 93–7076.**

United States Bankruptcy Court, E.D. Oklahoma.

June 6, 1994.

Belva Brooks Barber, Poteau, OK, for plaintiff.

Billy Ray White and Sonja Sue White, pro se.

## ORDER

TOM R. CORNISH, Bankruptcy Judge.

On May 10, 1994, this Court conducted a trial on the Complaint in the above-referenced adversary proceeding in McAlester, Oklahoma. Counsel appearing in person were Belva Brooks Barber on behalf of Red Oak Branch of Farmers State Bank of Quinton, and the Debtors appeared pro se.

After a review of the evidence, the arguments of counsel and the applicable law, the Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

## FINDINGS OF FACT

1. On January 9, 1991, Debtors became associated with the Plaintiff when they contacted the bank requesting a loan. The Debtors prepared a credit application. The

credit application had a category entitled "Outstanding Debts." The Debtors' credit application had eight lines to list outstanding debts. The instructions specifically stated to "use a separate sheet if necessary." The Debtors only listed three debts on the credit application which were not in default.

2. The Plaintiff conducted a credit check with the McAlester Credit Bureau. In addition, the Plaintiff contacted the First Bank of Owasso, which was listed on the Debtors' credit application. The Plaintiff's representative, James Jordan, testified that he called the Loan Officer at the First Bank of Owasso and was told that Mr. White was a good customer and they hated to lose him.

After the initial application process, the Debtors were loaned money to purchase vehicles for resale. These loans were renewed and extended. On April 23, 1991, the notes were rolled into one. The Debtors were loaned additional money, under separate notes, on July 12, 1991 and September 26, 1991 for the purchase of specific vehicles. All of the loans were made relying on the initial credit application made on January 9, 1991. The Debtors defaulted on the notes and on April 16, 1993, the Latimer County District Court entered judgment for Red Oak Branch of Farmers State Bank of Quinton on the April 23, 1991 note, as well as notes dated July 12, 1991 and September 26, 1991.

### CONCLUSIONS OF LAW

■ A. The Plaintiff asserts a cause of action based on 11 U.S.C. § 523(a)(2)(B) asking this Court to determine the debt nondischargeable. In order to prove a case under § 523, the Plaintiff must show that (1) the debtor made a materially false representation; (2) that such representation was made knowingly with the intent to defraud; and (3) Plaintiff reasonably relied on a false representation. *In re Lowther*, 32 B.R. 638 (Bankr.W.D.Okla.1983) (citations omitted); *In re Carter*, 101 B.R. 702 (Bankr.E.D.Okla. 1989). All of the elements must be shown by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1990). In the instant case, there is no dispute that the Defendants used a financial statement to obtain a loan from Red Oak Branch of Farmers State Bank of Quinton.

■ B. The Eastern District of Oklahoma in *In re Carter*, 101 B.R. 702 (Bankr. E.D.Okla.1989) defined the term materially false financial statement by stating:

A materially false financial statement is one in which there is an "omission, concealment or understatement as to any of the debtor's material liabilities." *In re Harmer*, 61 B.R. 1, 5 (Bankr.D.Utah 1984)

In addition, the statement must paint an untruthful picture of the debtor's financial condition in such a light which would normally affect the decision on the part of the creditor to grant credit. *Id.* at 704 (citing *In re Harms*, 53 B.R. 134, 140 (Bankr.D.Minn. 1985)).

■ In the instant case, the Vice President of Red Oak testified that he is the Loan Officer who dealt with the Whites. He further testified that the Whites' credit check was not inconsistent with the Debtors' application. Later, the bank discovered that Debtors had not disclosed debts to Fidelity Federal, Talihina Bank, and Poteau State Bank. Poteau State Bank had even instituted foreclosure proceedings four days prior to the preparation of the credit application by the Debtors; however, the Debtors were not served with summons until the day after they had prepared the credit application. Mr. White testified that he did not list these debts because he thought that they would be discovered through the credit bureau. Mr. Jordan testified that had the debts been disclosed, those institutions would have been contacted and as a consequence, the money would not have been loaned to the Debtors. Thus, the Court concludes that a materially false financial statement was present due to the omissions of the loans in default to the three financial institutions.

■ C. The primary purpose of the intent to deceive requirement is to assure that only the debtor who dishonestly obtains money, property, credit, or services be punished with a denial of discharge and the honest debtor be protected. *Carter* at 704. The intent to deceive may be exhibited by the Debtors' reckless indifference to the existing facts. *In re Barron*, 126 B.R. 255, 260 (Bankr.E.D.Tex.1991).

980

This Court finds that the Debtors had the intent to deceive Red Oak Branch of Farmers State Bank of Quinton. The Debtors only listed three debts on their credit application when there were eight lines to list all other outstanding obligations. More importantly, the only debts not listed by the Debtors were those ones which were in default or where the Debtors had made erratic payments. Thus, the intent element is present.

D. Lastly, the creditor must prove that it relied on the false credit application and that the reliance was reasonable. Evidence demonstrating that the loan would not have been made had the lender received accurate information is sufficient to establish reliance for nondischargeability purposes. *In re Hall,* 109 B.R. 149 (Bankr.W.D.Pa. 1990). The creditor's reliance upon a materially false statement will be found to be reasonable for the purpose of determining whether a debt is nondischargeable, if it is demonstrated by the creditor that the credit would not have been extended if the false representation or omission would have been known. *In re Barron,* at 259 (citing *In re Carr,* 49 B.R. 208, 210 (Bankr.W.D.Ky.1985)). Courts have held that even partial reliance on a materially false financial statement is sufficient to deny a debtor a discharge on that particular debt. *Id.; In re Hall* at 154; *In re Wing,* 96 B.R. 369, 373 (Bankr.N.D.Fla. 1989); *In re Nance,* 70 B.R. 318, 323 (Bankr. W.D.Tex.1987).

The Vice President of Red Oak Branch testified that had he known that the other debts existed, he would not have loaned the Debtors the money. Further, he testified that had these debts been listed, he would have contacted the financial institutions to check on the Debtors' credit history. Again, this would have led to the Bank not extending the Debtors credit. Thus, the Plaintiff has satisfied all the elements to have its debt determined nondischargeable under § 523.

IT IS THEREFORE ORDERED that the debt owed to Red Oak Branch of Farmers State Bank of Quinton by the Debtors is nondischargeable.